### DEUTSCHE BANK NATIONAL TRUST COMPANY, TRUSTEE *v.* THOMAS J. SHIVERS, JR., ET AL.*

Superior Court, Judicial District of Tolland
File No. CV-08-5002371-S

---

* Affirmed. *Deutsche Bank National Trust Co.* v. *Shivers*, 136 Conn. App. 291, 44 A.3d 879 (2012).

Memorandum filed April 28, 2010

*Proceedings*

*Jeffrey M. Knickerbocker*, for the plaintiff.

*J. Hanson Guest*, for the named defendant.

SFERRAZZA, J. The plaintiff, Deutsche Bank National Trust Company, as trustee for First Franklin Mortgage Loan Trust, moves for summary judgment as to liability in this foreclosure action against the owner of the equity of redemption, Thomas J. Shivers, Jr.

Summary judgment shall be granted if the pleadings and documentary proof submitted demonstrate that no genuine dispute as to material facts exists and that the movant is entitled to judgment as a matter of law. Practice Book § 17-49.

The court's review of the materials submitted in conjunction with this motion and the objection to it discloses that no genuine, factual dispute exists that the plaintiff is the holder of a note, signed by Shivers, dated March 9, 2006, in an amount of $228,000, obligating Shivers to repay the note in accordance with its terms. The indebtedness created by the note is secured by a mortgage deed, of the same date, which encumbers the real property located at 14 Hale Street Extension in Vernon, Connecticut.

The note identifies the lender as Nationpoint, a division of City Bank of Indiana. The note is endorsed by Nghia Tran on behalf of Nationpoint, which endorsement recites, "pay to the order of First Franklin Financial Corporation without recourse." The note is further

endorsed by Nghia Tran on behalf of First Franklin Financial Corporation in blank.

Shivers attacks the efficacy of those endorsements by pointing out that the plaintiff proffered no documentary evidence, extrinsic to the note itself, authenticating the signature of Nghia Tran nor vesting Tran with authority to endorse the note on behalf of anyone. This attack, however, ignores the effect of General Statutes § 42a-3-308 (a), which deems "the authenticity of, and authority to make, each signature on the instrument" as "admitted unless specifically denied in the pleadings. . . ."

Shivers never filed an answer assailing the signatures on this note. He attempts to avoid the evidentiary impact of § 42a-3-308 (a) by decrying the fact that Tran endorsed the note for two, different entities, Nationpoint and First Franklin. He argues that this circumstance raises a cloud of suspicion which ought to undermine the presumption of authenticity and authority to act otherwise created by § 42a-3-308 (a).

The court rejects this notion. There is nothing inherently nefarious nor improper about one person possessing authority to act as an agent to bind more than one principal. If Shivers wished to assail Tran's authority to act, § 42a-3-308 (a) makes it incumbent upon him to deny that authority "specifically" in a pleading. Because the defendant failed to proceed in accordance with this statutory provision, § 42a-3-308 (a) relieves the plaintiff of any burden to produce additional documentary support to establish the authenticity and authority of Tran to endorse the note on behalf of Nationpoint and First Franklin.

As the undisputed bearer of a note endorsed in blank, the plaintiff is entitled to enforce default on the note through foreclosure of the mortgage which secured that debt. *Chase Home Finance, LLC* v. *Fequiere*, 119 Conn.

App. 570, 576–78, 989 A.2d 606, cert. denied, 295 Conn. 922, 991 A.2d 564 (2010).

In order to have summary judgment as to liability enter in its favor, the plaintiff must also demonstrate the absence of factual controversy regarding Shivers' default on the note. The plaintiff submitted the affidavit of Christy Siembida for this purpose.

Siembida swears that she is a home loan servicer for the plaintiff, that she is "personally familiar with and [has] personal knowledge" of the plaintiff's records with respect to Shivers' loan account, including his payment history and the issuance of default notices. She further avers that those records are kept in the ordinary course of business of the plaintiff and were made contemporaneously with the events described therein.

Siembida also attests that these business records disclose that Shivers has failed to make any of the monthly payments required under the note since December, 2007; that he was notified in writing by the plaintiff of his delinquencies and impending acceleration of the entire debt in accordance with the terms of the note; and that the debt was accelerated after Shivers failed to cure the default. Furthermore, the outstanding balance owed by Shivers, as of January 25, 2010, was $296,778.86.

Shivers contends that this affidavit is invalid because the jurat contains a blank space in which Siembida's official position with the plaintiff ought to have appeared. To be clear, the notary public, Celeste Johnson, attested in the jurat that Siembida personally appeared before her on January 25, 2010, and signed and swore to the affidavit. What is allegedly missing corresponds to a blank space in an acknowledgment section of the jurat.

However, Johnson was not taking Siembida's acknowledgment, but, instead, was merely taking her

oath for an affidavit. An acknowledgment would be relevant if Siembida were executing a deed on behalf of the plaintiff, but Siembida's status in relation to the plaintiff was immaterial as to this affidavit. Siembida was not signing an instrument designed to bind the plaintiff, rather Siembida was swearing to the truth of matters within her personal knowledge, whatever her capacity with the plaintiff.

Siembida need not even be an employee of the plaintiff to provide admissible evidence by way of establishing business records of the plaintiff. *New England Savings Bank* v. *Bedford Realty Corp.*, 246 Conn. 594, 603, 717 A.2d 713 (1998). "The witness introducing the document need not have made the entry himself or herself, nor have been employed by the organization during the relevant time period." Id.

Thus, the omission of Siembida's status with the plaintiff in Johnson's jurat is irrelevant as to the propriety of the affidavit. It should be observed that Siembida, in the body of her affidavit, does identify her position with the plaintiff and swears to the truth of that information. There is simply no requirement that such information be included in the jurat completed by the notary public.

Shivers proffers no documentary evidence refuting the plaintiff's evidence as described above, nor does he proffer any evidentiary support for any defense. Therefore, summary judgment, as to liability only, is granted in favor of the plaintiff.