DEUTSCHE BANK NATIONAL TRUST
COMPANY, TRUSTEE *v.* THOMAS
J. SHIVERS, JR., ET AL.
(AC 32331)

Alvord, Espinosa and West, Js.

Argued April 12—officially released June 19, 2012

*J. Hanson Guest*, for the appellant (named defendant).

*Jeffrey M. Knickerbocker*, for the appellee (plaintiff).

*Opinion*

ALVORD, J. The plaintiff, Deutsche Bank National Trust Company, as trustee for First Franklin Mortgage Loan Trust 2006-FF9, mortgage pass-through certificates, series 2006-FF9, commenced this residential mortgage foreclosure action in December, 2007, against the defendant Thomas J. Shivers, Jr.[1] The defendant appeals from the judgment of strict foreclosure rendered by the trial court on June 15, 2010. On appeal, the defendant claims that the court improperly granted the plaintiff's motion for summary judgment as to liability.[2] We affirm the judgment of the trial court.

The relevant factual and procedural background is as follows. On March 9, 2006, the defendant executed a promissory note in the principal amount of $228,000 to "NationPoint a division of Nat. City Bank of IN." As security for the note, the defendant conveyed by way of mortgage deed his interest in residential real property located in the town of Vernon to Mortgage Electronic Registration Systems, Inc., as nominee for NationPoint

---

[1] The plaintiff also named Mortgage Electronic Registration Systems, Inc., as a defendant in the complaint by virtue of a mortgage interest that it held in the subject property. Mortgage Electronic Registration Systems, Inc., is not a party in this appeal, however, and we refer to Shivers as the defendant in this opinion.

[2] The defendant's statement of issues on appeal sets forth five additional claims, none of which were briefed or argued during oral argument before this court. We deem those five claims to be abandoned and decline to review them. See *Martel* v. *Metropolitan District Commission*, 275 Conn. 38, 49 n.7, 881 A.2d 194 (2005).

a division of Nat. City Bank of IN. Subsequently, the defendant failed to make payments as required by the note, and the balance due was accelerated. The defendant's mortgage thereafter was assigned to the plaintiff, and the assignment was recorded in the town of Vernon land records. The plaintiff commenced the present foreclosure action, alleging that it was the holder of the note and mortgage.

The defendant filed a motion to dismiss the action on February 3, 2009, claiming that the plaintiff lacked standing to maintain the action because the assignment of the mortgage was not recorded until after the action had been commenced and that the plaintiff "may not" be the holder of the note. The court, *Vacchelli, J.*, denied the defendant's motion to dismiss. In its ruling, the court stated that the holder of the note could bring the mortgage foreclosure action and that the plaintiff had presented the original note at the hearing. On June 22, 2009, the defendant filed a second motion to dismiss the action, claiming that the plaintiff lacked standing because it failed to allege "well-pleaded facts" to establish that it is the holder of the note. The court, *Sferrazza, J.*, denied the second motion to dismiss on July 20, 2009.

The trial court file reflects that the defendant made numerous discovery requests during the pendency of the matter and that the court was requested to address multiple objections and motions to compel with respect to the production of requested documents. The file further reflects that, although the defendant filed a disclosure of defense on April 9, 2009, he never filed an answer or special defenses to the foreclosure complaint. On February 9, 2010, more than two years after the commencement of the action, the plaintiff filed a motion for summary judgment as to liability only against the defendant, together with an affidavit and a memorandum of law. The defendant filed an objection to the motion for summary judgment on April 15, 2010. He

included a memorandum of law, but did not file a counteraffidavit or any supporting documentation. The court held a hearing on April 19, 2010.

On April 28, 2010, the court issued its memorandum of decision. It addressed the defendant's arguments challenging the endorsements on the note and the validity of the affidavit submitted by the plaintiff with respect to the defendant's loan account, payment history and the issuance of default notices. The court concluded that the defendant failed to introduce any documentary evidence that refuted the plaintiff's evidence and that he failed to proffer any evidentiary support for any possible defense to the foreclosure action. Accordingly, the court granted the motion for summary judgment as to liability only against the defendant. The defendant appealed from that ruling on June 11, 2010, after the court denied his motion to reargue. The plaintiff filed a motion to dismiss that appeal on June 16, 2010, claiming that it had not been taken from a final judgment.

On June 15, 2010, the court, *Sferrazza, J.*, rendered a judgment of strict foreclosure in favor of the plaintiff. The defendant subsequently filed an amended appeal to include the court's denial of his motion to nonsuit the plaintiff for its alleged failure to comply with a prior discovery order and to include the judgment of strict foreclosure. On September 20, 2010, this court granted the plaintiff's motion to dismiss the defendant's appeal but expressly stated that the defendant's amended appeal remained pending.

The sole issue before us, because it is the only issue briefed by the defendant in his appellate brief, is whether the trial court improperly granted the plaintiff's motion for summary judgment as to liability. The gravamen of the defendant's argument is that the plaintiff failed to demonstrate that no material issues of fact

existed. In addition to his renewed arguments per-
taining to the validity of the endorsements, trust
agreement and the affidavit, the defendant maintains
that the plaintiff had a "heightened burden" in the sum-
mary judgment proceeding because the defendant had
not yet filed his answer and special defenses.

"The law governing summary judgment and the
accompanying standard of review are well settled. Prac-
tice Book § [17-49] requires that judgment shall be ren-
dered forthwith if the pleadings, affidavits and any other
proof submitted show that there is no genuine issue as
to any material fact and that the moving party is entitled
to judgment as a matter of law. A material fact is a fact
that will make a difference in the result of the case.
. . . The facts at issue are those alleged in the plead-
ings. . . .

"In seeking summary judgment, it is the movant who
has the burden of showing the nonexistence of any
issue of fact. The courts are in entire agreement that
the moving party for summary judgment has the burden
of showing the absence of any genuine issue as to all
the material facts, which, under applicable principles
of substantive law, entitle him to a judgment as a matter
of law. The courts hold the movant to a strict standard.
To satisfy his burden the movant must make a showing
that it is quite clear what the truth is, and that excludes
any real doubt as to the existence of any genuine issue
of material fact. . . . As the burden of proof is on the
movant, the evidence must be viewed in the light most
favorable to the opponent." (Citations omitted; internal
quotation marks omitted.) *Rockwell* v. *Quintner*, 96
Conn. App. 221, 227–28, 899 A.2d 738, cert. denied, 280
Conn. 917, 908 A.2d 538 (2006).

"The party opposing a motion for summary judgment
must present evidence that demonstrates the existence
of some disputed factual issue . . . . The movant has

the burden of showing the nonexistence of such issues but the evidence thus presented, if otherwise sufficient, is not rebutted by the bald statement that an issue of fact does exist. . . . To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts . . . which contradict those stated in the movant's affidavits and documents. . . . The opposing party to a motion for summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . *The existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence.*" (Citation omitted; emphasis added; internal quotation marks omitted.) *Pion* v. *Southern New England Telephone Co.*, 44 Conn. App. 657, 663, 691 A.2d 1107 (1997). Our review of the trial court's decision to grant a motion for summary judgment is plenary. *Mazurek* v. *Great American Ins. Co.*, 284 Conn. 16, 27, 930 A.2d 682 (2007).

In the present case, the plaintiff submitted an affidavit and documentation demonstrating that it was the holder of the note and mortgage and that the defendant had defaulted under the terms of the note. The plaintiff had the original note at the hearing on its motion for summary judgment. The defendant filed no counteraffidavit or documentary evidence to contradict the plaintiff's evidence or to support any potential defense to the action. The fact that he had not yet filed his answer and special defenses does not, under the circumstances of this case, strengthen the defendant's argument. Practice Book § 17-44 expressly provides that a motion for summary judgment may be filed "at any time . . . ." Further, by the time the motion for summary judgment was scheduled for argument before the trial court, *more than two years* had passed from the commencement of the action. The defendant already had the benefit

of documentation provided through discovery.[3] At oral argument before this court, the defendant admitted that he could have filed his answer and special defenses and that he could have filed a counteraffidavit to defeat the plaintiff's motion for summary judgment, but he maintained that he had no obligation to do so because he believed the plaintiff had not met its burden of demonstrating that no genuine issue of material fact existed.

We have carefully reviewed the record and briefs in this case and agree with the trial court that no evidence was submitted by the defendant to establish the existence of a genuine issue of material fact. The issues raised by the defendant were resolved properly in the thoughtful and concise decision of the court. See *Deutsche Bank National Trust Co.* v. *Shivers*, 52 Conn. Sup. 358, 48 A.3d 143 (2010). Because that decision also fully addresses the arguments raised in the present appeal, we adopt the court's well reasoned decision as a statement of the facts and the applicable law on those issues.[4] It would serve no useful purpose for us to repeat that discussion here. See *Tzovolos* v. *Wiseman*, 300 Conn. 247, 253–54, 12 A.3d 563 (2011).

[3] Although the defendant claims that the plaintiff failed to comply with his discovery requests, he acknowledged at oral argument before this court that the trial court had determined that there had been "substantial compliance" with such requests.

[4] The trial court's conclusions are further supported by the recent decision in *RMS Residential Properties, LLC* v. *Miller*, 303 Conn. 224, 32 A.3d 307 (2011), which was issued after the trial court's memorandum of decision in the present case. In *Miller*, our Supreme Court held: "[A] holder of a note is presumed to be the owner of the debt, and unless the presumption is rebutted, may foreclose the mortgage under [General Statutes] § 49-17. . . . The production of the note establishes his case prima facie against the makers and he may rest there. . . . It [is] for the defendant to set up and prove the facts which limit or change the plaintiff's rights." (Internal quotation marks omitted.) Id., 231–32. Further, the court held that in a summary judgment proceeding, "given the evidence introduced that [the assignee of the mortgage note] was the holder of the note, the court properly found that there was no genuine issue of material fact . . . ." Id., 234.

The judgment is affirmed and the case is remanded for the purpose of setting new law days.

In this opinion the other judges concurred.