******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

WELLS FARGO BANK, N.A., TRUSTEE *v.*
JOSEPH S. TARZIA ET AL.
(AC 35791)

Gruendel, Alvord and Norcott, Js.

*Argued March 17—officially released June 3, 2014*

(Appeal from Superior Court, judicial district of
Stamford-Norwalk, Mintz, J.)

*Christopher G. Brown*, for the appellant (named
defendant).

*Laura Pascale Zaino*, with whom, on the brief, was
*Brian D. Rich*, for the appellee (plaintiff).

*Opinion*

NORCOTT, J. The defendant, Joseph Tarzia, appeals from the entry of a judgment of strict foreclosure for the plaintiff, Wells Fargo Bank, N.A.[1] In this appeal, the defendant claims that (1) the plaintiff has not stated a claim for strict foreclosure of the mortgage because it did not plead that it is the owner of the debt, and (2) the judgment of strict foreclosure was procedurally improper because the court's earlier entry of summary judgment as to liability on the note could only apply to his personal liability, and could not be the basis for a judgment of strict foreclosure. We disagree, and accordingly, we affirm the judgment of the trial court.[2]

The following facts and procedural history inform our review. On or about June 22, 2007, the defendant executed a note for a loan of $1,334,000. As security for payment of the note, he concomitantly executed a mortgage on his property at 138 North Lake Drive in Stamford. On or about February 18, 2009, the plaintiff initiated this foreclosure action, bearing a return date of February 24, 2009. In its complaint, the plaintiff alleged that it was the holder of the note and mortgage; that the defendant defaulted on the note; that it had elected to accelerate the balance due on the note and declare it due immediately; and that it elected to foreclose on the mortgage securing the note.

The defendant filed an answer on March 11, 2009, in which he denied that the plaintiff was the holder of the note and mortgage. The defendant asserted six special defenses and a counterclaim in his answer; only the first special defense is relevant to this appeal.[3] In the defendant's first special defense, he claimed that "[t]he complaint fails to state a claim upon which relief may be granted because plaintiff alleges in paragraph [four] that it is merely a 'holder' of the Note and a mere 'holder' of the Note is without the right to foreclose the Mortgage." On March 19, 2012, the plaintiff moved for summary judgment on its claim, the defendant's special defenses, and the defendant's counterclaim. In support of its motion, the plaintiff provided the court with a memorandum of law and an affidavit that included and incorporated by reference copies of the note, mortgage and assignment of the mortgage. The defendant did not oppose the plaintiff's motion for summary judgment. The court granted the plaintiff's motion for summary judgment "as to liability only."

Thereafter, on May 13, 2013, the plaintiff filed a motion for judgment of strict foreclosure to which the defendant objected. The defendant argued that there is no predicate for entry of the foreclosure judgment because "[t]here is no authority for a court to grant summary judgment as to liability only where the relief sought is foreclosure relief." The defendant also argued that the plaintiff failed to plead a proper foreclosure

claim by only alleging its "holder" status, rather than pleading that it is the owner of the note and mortgage. The trial court heard argument, rejected both claims by the defendant, and rendered judgment of strict foreclosure. As to the defendant's first claim, the court ruled, "the [entry of summary judgment] as to liability only says there's no genuine issue of material fact disputed as to any defense on the note or mortgage and that they can proceed to judgment of foreclosure, which is a separate proceeding after liability has been determined on the note and mortgage." As to the second claim, the court adopted the decision in *Bank of America, N.A.* v. *DiLuca*, Superior Court, judicial district of Stamford-Norwalk, Docket No. CV-09-5011073-S (April 30, 2013) (56 Conn. L. Rptr. 44),[4] which applied our Supreme Court's decision in *RMS Residential Properties, LLC* v. *Miller*, 303 Conn. 224, 32 A.3d 307 (2011). This appeal followed.

I

The defendant first claims that the plaintiff has not stated a proper claim for strict foreclosure of the mortgage because the plaintiff failed to plead that it is the owner of the debt. Specifically, he argues that "plaintiff's holder allegation was insufficient to state a foreclosure claim." We disagree.

We review a judgment of strict foreclosure to determine "whether the trial court abused its discretion. . . . In determining whether the trial court has abused its discretion, we must make every reasonable presumption in favor of the correctness of its action. . . . Our review of a trial court's exercise of the legal discretion vested in it is limited to the questions of whether the trial court correctly applied the law and could reasonably have reached the conclusion that it did." (Internal quotation marks omitted.) *People's United Bank* v. *Bok*, 143 Conn. App. 263, 267, 70 A.3d 1074 (2013).

Our Supreme Court's decision in *RMS Residential Properties, LLC*, is dispositive of the plaintiff's claim on appeal. There, it was held that "a holder of a note is presumed to be the owner of the debt, and unless the presumption is rebutted [the holder] may foreclose the mortgage under [General Statutes] § 49-17. . . . The production of the note establishes his case prima facie against the makers and he may rest there. . . . It [is] for the defendant to set up and prove the facts which limit or change the plaintiff's rights." (Internal quotation marks omitted.) *RMS Residential Properties, LLC* v. *Miller*, supra, 303 Conn. 231–32; see also *Countrywide Home Loans Servicing, LP* v. *Creed*, 145 Conn. App. 38, 48, 75 A.3d 38 (same), cert. denied, 310 Conn. 936, 79 A.3d 899 (2013); *Deutsche Bank National Trust Co.* v. *Shivers*, 136 Conn. App. 291, 297 n.4, 44 A.3d 879 (same), cert. denied, 307 Conn. 938, 56 A.3d 950 (2012).

In the present case, the plaintiff pleaded that it is the

holder of the note upon which the defendant defaulted and the plaintiff foreclosed, and it submitted to the court an affidavit that included and incorporated by reference copies of the note, mortgage and assignment of the mortgage. The plaintiff, therefore, established its prima facie case. The defendant did not attempt to rebut the plaintiff's status as a holder of the note and mortgage; indeed, he did not file any opposition to the plaintiff's motion for summary judgment. Accordingly, the plaintiff was entitled to avail itself of the rebuttable presumption established in *RMS Residential Properties, LLC*.

The defendant contends that the trial court's decision must be considered in light of our Supreme Court's more recent decision in *J.E. Robert Co., Inc.* v. *Signature Properties, LLC*, 309 Conn. 307, 71 A.3d 492 (2013). Specifically, he relies on the following text in that decision: "Our statement in *RMS Residential Properties, LLC* . . . that 'a holder of a note is presumed to be the owner of the debt, and unless the presumption is rebutted, may foreclose the mortgage under § 49-17,' was not intended to suggest that mere proof that someone other than the party seeking to foreclose is the owner of the note will require dismissal for lack of standing. Rather, under such circumstances, the burden would shift back to the plaintiff to demonstrate that the owner has vested it with the right to receive the money secured by the note. To the extent that our statement in *RMS Residential Properties, LLC*, can be read otherwise, it is hereby overruled." (Citation omitted.) Id., 325 n.18. To the extent that the defendant is correct that this holding alters the decision in *RMS Residential Properties, LLC*, it is inapplicable because in the present case, the defendant never attempted to rebut the presumption that the plaintiff owned the debt and had the right to foreclose the mortgage. We therefore reject the defendant's argument that the plaintiff failed to state a claim for strict foreclosure by pleading and proving its status as holder of the note and mortgage.

II

The defendant next argues that the judgment of strict foreclosure was improper because the court's earlier entry of summary judgment as to liability on the note could only pertain to personal liability and could not be the basis for a judgment of strict foreclosure. Specifically he argues that "there is no authority for a court to grant summary judgment as to liability only where the relief sought is foreclosure" and that "[Practice Book] § 17-50 does not authorize summary judgments as to liability only for foreclosure relief." We disagree.

"As a preliminary matter, we set forth the applicable standard of review. The interpretive construction of the rules of practice is to be governed by the same principles as those regulating statutory interpretation. . . .

The interpretation and application of a statute, and thus a Practice Book provision, involves a question of law over which our review is plenary." (Citations omitted; internal quotation marks omitted.) *Wiseman* v. *Armstrong*, 295 Conn. 94, 99, 989 A.2d 1027 (2010).

Resolution of this claim is controlled by our recent decision in *GMAC Mortgage, LLC* v. *Ford*, 144 Conn. App. 165, 73 A.3d 742 (2013). There, we said that, "a court may properly grant summary judgment as to liability in a foreclosure action if the complaint and supporting affidavits establish an undisputed prima facie case and the defendant fails to assert any legally sufficient special defense." Id., 176. Even if we were inclined to agree with the merits of the defendant's argument, which we are not, "[o]ur rules of practice and our own policy do not permit a panel of this court to overturn decisions of this court." *Towbin* v. *Board of Examiners of Psychologists*, 71 Conn. App. 153, 178, 801 A.2d 851, cert. denied, 262 Conn. 908, 810 A.2d 277 (2002). We therefore must reject the defendant's second claim of error that the court was without authority to grant summary judgment as a predicate for a judgment of strict foreclosure.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The plaintiff is the trustee for the certificateholders of Structured Asset Mortgage Investments II, Inc., Structured Assets Mortgage Investments II Trust 2007-AR4, Mortgage Pass-Through Certificates, Series 2007-AR-4.

Christine Tarzia also was named as a defendant in this case; she was nonappearing before the trial court and is not a party to this appeal. The other named defendant, National City Bank, is a junior lienholder. On appeal, it appears as an appellee, along with the plaintiff.

[2] The plaintiff argues that the defendant did not properly preserve his claims of error by appealing from a judgment of strict foreclosure when his claims concern the propriety of the court's earlier entry of summary judgment as to liability. We reject this argument because, as we have held previously, the entry of summary judgment as to liability only is not a final judgment for purposes of appeal. See *Essex Savings Bank* v. *Frimberger*, 26 Conn. App. 80, 81, 597 A.2d 1289 (1991).

[3] The defendant later withdrew the sixth special defense and his counterclaim.

[4] This case is presently pending on appeal before this court. *Bank of America, N.A.* v. *DiLuca*, Appellate Court, Docket No. AC 36224.